## KIBBE v. KIBBE.

THIS was an action of debt, on a judgment rendered by
the Court of Common Pleas in the county of Berkshire, and
commonwealth of Massachusetts.

The defendant pleaded in abatement, "That at the time
of bringing the action to the Court of Common Pleas, upon
which the judgment referred to in the plaintiff's declaration
was rendered, he, the defendant, was an inhabitant of the
town of Somers, in the county of Hartford; and that the
plaintiff, in said original action, prayed out a certain pre-
tended writ against the defendant, in the words following,
to-wit:

" Berkshire, ss.:

" The commonwealth of Massachusetts,

" To James Kibbe, of Somers, in the county of Hartford, and state of Connecticut, husbandman, greeting:

" We command you that you appear at our next Court of Common Pleas, to be holden at Great Barrington, within and for our said county of Berkshire, on the third Tuesday of November next; then and there to answer unto Stephen Kibbe, of Loudon, in the county aforesaid, yeoman, in a plea of covenant broken, which is at large set forth in the original writ; which plea the said Stephen hath commenced against you, to be heard and tried at the said court; and your goods and estate are attached, to the value of £200, being for security to satisfy the judgment which the said Stephen may recover upon the aforesaid trial. Fail not of appearance, at your peril. Witness, William Whiting, Esq. at Great Barrington, the 28th day of October, in the year of our Lord 1784.

" HENRY WMS. DWIGHT, Clerk."

That the plaintiff having prayed out said pretended writ, he caused the same to be left, or a copy thereof, at the dwelling-house of him, the defendant, in said Somers, by some person unknown to the defendant: That the aforesaid writ, or copy thereof, was the only notice or summons ever given or made to the defendant, to appear and answer; and said judgment was proceeded to, and rendered against the defendant, upon the ground and authority of said writ, issued and left at the defendant's house, in said Somers, as aforesaid, and in no other way or manner whatever.

Whereupon the defendant says, That he had not legal notice, nor had said Court of Common Pleas any authority to issue any process against the defendant, or proceed to render judgment thereon, upon such pretended writ, left at the defendant's house, in said Somers, as aforesaid; nor was the defendant holden by law to make any answer thereto; and said judgment is ill founded and void, and no suit or action can or ought to be maintained thereon; all which the defendant is ready to verify, etc.

The plaintiff replied, that he brought his action against the defendant before said Court of Common Pleas, in the words following, to-wit:

" Berkshire ss.

" Commonwealth of Massachusetts,

" To the sheriff of our county of Berkshire, his under-sheriff or deputy, greeting:

" We command you to attach the goods or estate of James Kibbee, of Somers, in the county of Hartford, and state of Connecticut, husbandman, to the value of £200 — and for want thereof take the body of the said James, if he may be found in your precinct, and him safely keep, so that you have him before our justices of our Court of Common Pleas, next to be holden at Great Barrington, within and for our said county of Berkshire, on the third Tuesday of November next; then and there in our said court to answer to Stephen Kibbee, of Loudon, in our said county, yeoman, in a plea of covenant broken; and whereupon the said Stephen complains for this (to-wit:) That whereas the said James, at Somers aforesaid (to-wit) at Great Barrington aforesaid, on the 23d day of February, in the year of our Lord, 1763, by his deed

pole, the date whereof was the day and year last aforesaid; which deed was well executed by the said James, sealed with his seal, ready in court to be produced, for and in consideration of the sum of £64 lawful money, by the said Stephen well and truly paid to the said James, did give, grant, sell, and confirm to the said Stephen, his heirs and assigns forever, a certain piece or lot of land, lying and being in Tyringham, in our said county of Berkshire, containing seventy acres, be the same more or less, which was laid out on Samuel Levemore's right, and is number 194, and bounds, etc. Also, one other tract or lot of land, in said Tyringham, containing sixty-two and an half acres, be the same more or less, which was laid out on William White's right, and is number 142. Also, a right in place of commonancy, which is known by the name of the Equivalent Land. Said right did belong to Samuel Levemore, aforesaid, and said lots were not then laid out. To have and to hold to the said Stephen, his heirs and assigns forever: And the said James by his deed aforesaid, did covenant with said Stephen, his heirs and assigns, that at and until the ensealing thereof, he was well seized of the premises, as a good indefeasible estate in fee simple; and that he had good right and lawful authority to bargain and sell the same in manner and form aforesaid; and that the same were free and clear of all incumbrances whatever. And furthermore, the said James did then and there, by his deed aforesaid, covenant with the said Stephen, his heirs and assigns, to warrant and defend the above-granted premises to him the said Stephen, his heirs and assigns, against all claims and demands whatever. And now the said Stephen in fact says, that the land aforesaid was under in-

cumbrances, and that the said James hath not warranted, secured and defended the abovesaid premises to him the said Stephen, against all claims and demands whatever:   And the said James, his covenants aforesaid hath not kept, but broken to the damage of the said Stephen (as he saith) the sum of £200 — which shall then and there be made to appear, with other due damages.   And have you there this writ, with your doings therein.   Witness, William Whiting, Esq. at Great Barrington, this 28th day of October, in the year of our Lord, 1784.

"H. W. D. Clerk."

Which said writ was duly served on the defendant, by Solomon Jackson, sheriff's deputy for said county of Berkshire, and by him duly returned to said court, with his indorsement thereon, in the words following, viz.—" Berkshire ss. October 29, 1784:   Then, by virtue of the within writ, I attached a handkerchief, shown to me by the plaintiff's attorney, to be the estate of the within-named James Kibbee; and have seasonably sent him a summon, for his appearance at the time and place within mentioned, as the law directs."

That the said sheriff's deputy, agreeable to his said indorsement, sent to the defendant said summon, mentioned and recited in the defendant's plea, by the hands of Nathaniel Wood, of Loudon, in said Berkshire county, and Asahel Adams, of Suffield, in said Hartford county, who left the same with the defendant, and duly made oath to the same before Eliphalet Terry, Esq. justice of the peace for Hartford county, who made a certificate thereof, in these words, viz.— " Hartford county ss.   Enfield, November 2d. 1784; per-

sonally appeared Nathaniel Wood, of Loudon, in the county of Berkshire, and commonwealth of Massachusetts, and Asahel Adams, of Suffield, in said Hartford county, and made solemn oath, that they have this day left a summon at the dwelling-house of James Kibbee, of Somers, in said Hartford county, for his appearance at the Court of Common Pleas, at Great Barrington, in and for the county of Berkshire, in said commonwealth of Massachusetts, on the third Tuesday of November instant; then and there to make answer to Stephen Kibbee, of said Loudon, in a plea of covenant broken."—Which writ, with the said deputy sheriff's indorsement thereon, and with said certificate made by said Eliphalet Terry, Esq. were duly returned to said Court of Common Pleas, for said county of Berkshire, and said court thereupon proceeded to render judgment in said action, in the words following, viz.

"Berkshire ss.—At a Court of Common Pleas, begun and holden at Great Barrington, within and for the county of Berkshire, on the third Tuesday of November, A. D. 1784.

"Stephen Kibbee, of Loudon, in the county of Berkshire, yeoman, plaintiff, against James Kibbee, of Somers, in the county of Hartford, and state of Connecticut, husbandman, defendant, in a plea of covenant broken (reciting the substance of the declaration.)    The said Stephen appears in court, by his attorney, Thomas Ives, gentleman; and the said James is now three times solemnly called to come into court, but makes default of appearance here:    Whereupon it is adjudged and determined by the court, that in this case the said Stephen do recover against the said James the sum of £147 3s. 9d. lawful money, damages, and the costs of suit,

taxed at £1 10s. 9d.   And hereof the said Stephen may have his execution."—All which, by the files and records of said Court of Common Pleas, ready in court to be shown, appears; and all which proceedings aforesaid were conformable to the laws and customs of the said commonwealth of Massachusetts.

The defendant rejoined, That said writ was no otherwise served than by leaving said copy or paper, without any indorsement or return thereon by anyone whatever, or any kind of notice or intimation of attaching any estate whatever, as in his plea is alleged:   And though true it is the said Jackson, deputy sheriff, made return of his attaching a handkerchief, shown to him by the plaintiff's attorney to be the estate of the defendant, yet the defendant says that he never did in fact attach or take any of his estate whatever; and said return of said officer is altogether false and feigned, and calculated by the plaintiff and his attorney merely to procure and obtain the judgment aforesaid, and of which return and doings of said deputy sheriff the defendant never had the least notice, until the bringing of this action; and the defendant thereupon says, that the proceedings aforesaid are altogether illegal, and not conformable to or warranted by the laws of this state or any other.

And the plaintiff sur-rejoined — That said paper left with the defendant in service, was a summons, issued and signed by the clerk of the said Court of Common Pleas, for said county of Berkshire, for the defendant to appear and answer unto the said suit before said court; which is the usual and common notice for appearance, agreeable to the laws, usage and customs of said commonwealth; and that the said notice,

and evidence thereof, and the whole of said process; was agreeable to said laws, usages and customs.

To this there was a demurrer, and joinder in demurrer; and judgment for the defendant.

By the COURT. It appears by the pleadings, that the defendant was an inhabitant of the state of Connecticut, and was not within the jurisdiction of the Court of Common Pleas for the county of Berkshire, at the time of the pretended service of the writ; therefore, the court had no legal jurisdiction of the cause, and so no action ought to be admitted on said judgment: But full credence ought to be given to judgments of the courts in any of the United States, where both parties are within the jurisdiction of such courts at the time of commencing the suit, and are duly served with the process, and have or might have had a fair trial of the cause; all which, with the original cause of action, ought to appear by the plaintiff's declaration in action of debt on such judgment.

DYER, J., said further,— That the original action was upon a covenant real, and locally annexed where the lands lie; and the judgment being by default, this court never could take cognizance of or examine into the justice of the cause; therefore, cannot enforce the judgment on which this action is brought.

Note.— Judge Ellsworth excused himself from giving an opinion in this case, having formerly been of counsel.

The two preceding cases were adjudged the last term.